**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JULIE WILLES,

        *Plaintiff-Appellant,*

v.

STATE FARM FIRE AND CASUALTY
COMPANY; STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

        *Defendants-Appellees.*

No. 03-35848

D.C. No.
CV-01-01457-AJB

OPINION

On Remand From The United States Supreme Court

Filed January 9, 2008

Before: Stephen Reinhardt, Marsha S. Berzon, and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

**OPINION**

PER CURIAM:

This appeal comes before us on remand from the Supreme Court. *See State Farm Mut. Auto. Ins. Co. v. Willes*, 127 S.Ct. 2933 (2007) (citing *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201 (2007)). In *Burr*, the Court affirmed our holding in *Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081 (9th Cir. 2006), that liability under 15 U.S.C. § 1681n(a) for "willfully fail[ing] to comply" with the Fair Credit Reporting Act (FCRA) includes reckless disregard of statutory duties. *Burr*, 127 S.Ct. at 2208. The Court also agreed with our holding that quoting or charging a first-time premium can be "an increase in any charge for . . . any insurance, existing or applied for." *Id.* at 2210 (quoting 15 U.S.C. § 1681a(k)(1)(B)(i)). In addition, the Court held that notice is required only when consideration of a consumer's credit report is a necessary condition for the increased rate. *Id.* at 2212 (citing 15 U.S.C. § 1681m(a)). Finally, reversing our holding, the Court held that the baseline for determining whether a first-time rate is a disadvantageous increase is the rate the applicant would have received had the company not taken his credit score into account. *Id.* at 2213.

In light of the Court's holding that notice is required only when the credit report is a necessary condition of the increased rate, we affirm the district court's summary judgment with respect to the claims against State Farm Fire and Casualty Company. State Farm Fire's rate quote was not influenced by Willes' credit report, and State Farm Fire is therefore not liable.

State Farm Mutual Automobile Insurance Company could have offered Willes a policy if her credit score had been higher. In *Burr*, however, the Court held that a defendant company was not liable when it denied a consumer a policy under circumstances similar to the ones in this case. *See Burr*,

127 S.Ct. at 2214 n.17. Plaintiffs did not raise on appeal any basis for liability other than the theories rejected by the Court. We therefore affirm the district court's summary judgment with respect to State Farm Mutual Automobile Insurance Company.

AFFIRMED.